# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD, | Case No. 1:12-cv-00490-AWI-SAB |
| Plaintiff, | ORDER SCREENING COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| F. ALCANTAR, et al., | ECF NO. 1 |
| Defendants. | |

## I.

## INTRODUCTION

Plaintiff Timothy Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on March 30, 2012. (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court will dismiss Plaintiff's claims, with leave to amend.

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### PLAINTIFF'S COMPLAINT

The events described in Plaintiff's complaint took place while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility.  Plaintiff names F. Alcantar, M. Jones, P. Paz, and D.L. Deazevedo as defendants in this action (all defendants collectively referred to as "Defendants").

Plaintiff alleges that on November 19, 2009, Judge David Allen from the Superior Court of California for Kings County ordered Plaintiff to make a telephonic appearance in a case for a hearing on January 29, 2010.  (Compl. ¶ 9.)  Plaintiff does not provide much detail concerning

1  the subject matter of the case, but alleges that he was sued by a correctional officer.  (Compl. ¶

2  11.)

3       On January 29, 2010, Plaintiff informed Defendants about the scheduled telephonic court

4  appearance.  (Compl. ¶ 12.)  However, Defendants ignored Plaintiff.  (Compl. ¶ 12.)  Defendant

5  Deazevedo told Plaintiff that "you have nothing coming for threatening staff."  (Compl. ¶ 13.)

6       Plaintiff alleges that judgment in the amount of $7,500.00 was entered against Plaintiff in

7  the state court case because Plaintiff did not appear for the telephonic hearing on January 29,

8  2010.  (Compl. ¶ 19.)  Plaintiff contends that Defendants' violated Plaintiff's constitutional right

9  of access to the court.  (Compl. ¶¶ 22-23.)

10                                          **IV.**

11                                      **DISCUSSION**

12       Plaintiff claims that Defendants violated Plaintiff's constitutional right of access to the

13  courts by refusing to permit Plaintiff to make his telephonic appearance in a case in the Kings

14  County Superior Court.  Prisoners have a constitutional right of access to the courts.  See Lewis

15  v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Vandelft v.

16  Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per

17  curiam).  To establish a violation of the right of access to the courts, a prisoner must establish

18  that he or she has suffered an actual injury, a jurisdictional requirement that flows from the

19  standing doctrine and may not be waived.  See Lewis, 518 U.S. at 349.  An "actual injury" is

20  "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet

21  a filing deadline or to present a claim.'"  Id. at 348.

22       Even assuming Plaintiff suffered actual injury as a result of Defendants' actions, the right

23  of access to the courts only pertains to attempts by inmates to challenge their sentences or

24  challenge the conditions of their confinement.  Lewis, 518 U.S. at 355.  The Supreme Court

25  expressly held that "[i]mpairment of any *other* litigating capacity is simply one of the incidental

26  (and perfectly constitutional) consequences of conviction and incarceration."  Id. (italics in

27  original).

28  ///

1    In this case, Plaintiff does not provide much detail regarding the underlying lawsuit in the

2  Kings County Superior Court.  However, Plaintiff alleges that he was the defendant in that action

3  and the action was brought by a correctional officer, suggesting that Plaintiff was a defendant in

4  a civil suit.  Therefore, the Kings County Superior Court lawsuit was not an action brought by

5  Plaintiff to challenge his conviction or conditions of confinement.  Accordingly, the fact that

6  Defendants prevented Plaintiff from participating in the telephonic hearing in defense of the civil

7  claim brought by another correctional officer does not implicate Plaintiff's constitutional right of

8  access to the courts.  Plaintiff fails to state any cognizable claims for interference with his right

9  of access to the courts.

10                                              **V.**

11                              **CONCLUSION AND ORDER**

12    For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any

13  cognizable claims.  Plaintiff is granted leave to file a First Amended Complaint within thirty

14  days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

15  nature of this suit by adding new, unrelated claims in his First Amended Complaint.  George v.

16  Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

17    Plaintiff's First Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state

18  what each named defendant did that led to the deprivation of Plaintiff's constitutional or other

19  federal rights.  Iqbal, 556 U.S. at 678.  "The inquiry into causation must be individualized and

20  focus on the duties and responsibilities of each individual defendant whose acts or omissions are

21  alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th

22  Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

23  right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

24    Finally, any amended complaint supersedes the original complaint, Forsyth v. Humana,

25  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987),

26  and must be "complete in itself without reference to the prior or superseded pleading," Local

27  Rule 220.

28  / / /

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, dated March 30, 2012, is dismissed for failure to state a claim upon which relief may be granted;

3.      If Plaintiff wishes to amend, he must file a First Amended Complaint within **thirty (30) days** from the date of service of this order; and

4      If Plaintiff fails to file a First Amended Complaint, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 10, 2013**

UNITED STATES MAGISTRATE JUDGE