# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOWARD, | Case No.  1:12-cv-00490-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND |
| v. | |
| F. ALCANTAR, et al., | |
| Defendants. | ECF NO. 11 |
| | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

## I.

### INTRODUCTION

Plaintiff Timothy Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint in this action on March 30, 2012.  (ECF No. 1.)  The Court screened and dismissed the original complaint on September 10, 2013.  (ECF No. 10.)  Plaintiff filed the First Amended Complaint on October 15, 2013.  (ECF No. 11.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims.

/ / /

/ / /

1

**II.**

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.**

**PLAINTIFF'S COMPLAINT**

The events described in Plaintiff's complaint took place while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility.  Plaintiff names F. Alcantar (correctional

1    officer), M. Jones (correctional officer), P. Paz (correctional officer), and D.L. Deazevedo

2    (correctional officer) as defendants in this action (all defendants collectively referred to as

3    "Defendants").

4         Plaintiff alleges that he was scheduled to make a telephonic appearance on January 29,

5    2010 in a small claims action filed in state court.  (First Am. Compl. ¶ 11.)  Plaintiff alleges that

6    a correctional officer, Rosalio Botello, sued Plaintiff in small claims court for battery.  (First Am.

7    Compl. ¶ 12.)  However, Plaintiff alleges that Defendants did not permit Plaintiff to make the

8    telephonic call for the hearing.  (First Am. Compl. ¶¶ 13-18.)  At the time, Plaintiff was housed

9    in administrative segregation.  (First Am. Compl. ¶ 18.)

10        Plaintiff missed the hearing and a default judgment was entered against Plaintiff in the

11    amount of $7,500.00.  (First Am. Compl. ¶ 20.)  Plaintiff contends that Defendants violated

12    Plaintiff's constitutional right of access to the courts and violated Plaintiff's right "right to

13    represent [himself]."  (First Am. Compl. ¶¶ 25-39.)

14                                   **IV.**

15                            **DISCUSSION**

16    **A.**     **Access to Courts Claims**

17        Plaintiff contends that Defendants violated Plaintiff's constitutional right of access to the

18    courts.  Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518

19    U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Vandelft v. Moses, 31 F.3d

20    794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per curiam).  To

21    establish a violation of the right of access to the courts, a prisoner must establish that he or she

22    has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine

23    and may not be waived.  See Lewis, 518 U.S. at 349.  An "actual injury" is "'actual prejudice

24    with respect to contemplated or existing litigation, such as the inability to meet a filing deadline

25    or to present a claim.'"  Id. at 348.

26        The right of access to the courts only pertains to attempts by inmates to challenge their

27    sentences or challenge the conditions of their confinement.  Lewis, 518 U.S. at 355.  The

28    Supreme Court expressly held that "[i]mpairment of any *other* litigating capacity is simply one

1  of the incidental (and perfectly constitutional) consequences of conviction and incarceration."

2  Id. (italics in original).

3  In this case, the alleged small claims action is not the type of litigation that implicates the

4  constitutional right of access to the courts.  As stated in Lewis, any interference with Plaintiff's

5  ability to litigate in small claims court is simply an incidental and constitutional consequence of

6  conviction and incarceration.  Lewis, 518 U.S. at 355  Accordingly, Plaintiff fails to state any

7  cognizable claims for interference with his right of access to the Courts.

8  **B.     Right to Pro Se Representation**

9  Plaintiff contends that Defendants violated Plaintiff's right to represent himself under the

10 Sixth and Tenth Amendments.  A criminal defendant has a Sixth Amendment right to represent

11 himself.  Faretta v. California, 422 U.S. 806, 835-836 (1975); Bribiesca v. Galaza, 215 F.3d

12 1015, 1019 (9th Cir. 2000).  However, Plaintiff's complaint does not implicate this right because

13 Plaintiff was a small claims defendant, not a criminal defendant.  Moreover, Plaintiff does not

14 allege that he was forced to accept representation by counsel.  Accordingly, his right to proceed

15 pro se was not impaired in any way.

16 Plaintiff alleges that Defendants violated the Tenth Amendment.  The Tenth Amendment

17 concerns the distribution of power between the federal government and the state government.

18 U.S. Const. amend X.  Plaintiff's allegations do not implicate these rights.  Accordingly, Plaintiff

19 fails to state any cognizable claims under the Tenth Amendment.

20 **C.     Dismissal Without Leave to Amend**

21 Generally, leave to amend a dismissed complaint should be granted if it appears at all

22 possible that the plaintiff can correct the defects in the complaint.  Lopez v. Smith, 203 F.3d

23 1122, 1130 (9th Cir. 2000).  However, leave to amend may be denied when a plaintiff was

24 previously notified of the deficiencies in his claims but did not cure them.  See Chodos v. West

25 Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

26 Here, Plaintiff was previously informed of the deficiencies in his claims and his First

27 Amended Complaint failed to cure them.  Accordingly, the Court will recommend dismissal of

28 Plaintiff's First Amended Complaint without leave to amend.

**V.**

**CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims.  Moreover, the Court finds that leave to amend should be denied because Plaintiff's claims cannot be cured by granting further leave to amend.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's First Amended Complaint be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 15, 2014**

UNITED STATES MAGISTRATE JUDGE